UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00269-FDW

| | |
|---|---|
| JASON BRIAN VICKS and MEKEISHA VICKS, ) ) ) Plaintiffs, ) ) vs. ) ) WELLS FARGOS BANK, N.A., as Trustee ) for Soundview Home Loan Trust 2007- ) OPT1, Asset Back Certificates, Series 2007- ) OPT1, and OCWEN LOAN SERVICING, ) LLC, ) ) Defendants. ) ) | ORDER |

THIS MATTER is before the Court upon Defendants' Motion to Remand to State Court. (Doc. No. 3). As explained below, the pending motion to remand is GRANTED.

Removal on the basis of diversity jurisdiction is flatly prohibited if sought more than one year after the commencement of the action unless the plaintiff's bad faith prevented removal. 28 U.S.C. § 1446(c). The party seeking to remove a case to federal court has the burden of demonstrating both the court's jurisdiction over the matter and that the attempted removal is timely. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Principles of federalism require that doubt over the propriety of removal must be resolved in favor of remand to the state courts. See id. at 151.

Plaintiffs seek removal based on diversity jurisdiction conveyed by 28 U.S.C. §1332. (Doc. No. 1, pp. 3-4). Plaintiffs filed their notice of removal on May 27, 2016, id. at 5, well more than one year after the commencement of the action in 2011, id. at 1. Indeed, the first page of Plaintiff's Notice of Removal acknowledges that the state court action commenced "[o]n or

1

about April 15, 2011." Id. at 1. Plaintiffs' own pleadings, therefore, establish on their face that removal of this action was untimely unless some bad faith on the part of Defendants can be shown as the cause for this unreasonable delay.

The state court record is utterly devoid of evidence of Defendants' bad faith. To the contrary, Plaintiffs received a reprimand from the Clerk of the North Carolina Court of Appeals for their inappropriate actions. (Doc. No. 1, p. 30) ("[Plaintiffs] are cautioned not to file any further motions or petitions with this Court seeking a stay in these foreclosure proceedings, as that relief has already been denied by this Court repeatedly, and warned that sanctions may be imposed upon them if they do.") Plaintiffs' contention that they lacked proper notice of the foreclosure proceedings has already been ruled upon and denied by the North Carolina Court of Appeals. Id. at 31-33. Thus, no basis—equitable or otherwise—exists for excepting Plaintiffs' attempted removal from the plain timeliness requirements of 28 U.S.C. § 1446(c).

IT IS, THEREFORE, ORDERED that Defendants' Motion to Remand (Doc. No. 3) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall have fourteen (14) days from the date of this Order to show why an award of attorney fees and costs should not be entered against them given the prior decisions of the North Carolina Court of Appeals cautioning against further veiled attempts to collaterally attack the validity of a state ordered foreclosure. **Failure to comply with this Order may result in the award of fees and costs Defendants incurred in this litigation.**

**IT IS SO ORDERED.**

Signed: June 22, 2016

Frank D. Whitney
Chief United States District Judge